# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GERALD WILLIAMSON and )
TANYA WILLIAMSON, Husband and )
Wife, )
                                   )
      Plaintiffs, )
                                     )     C.A. No. N22C-03-196 CLS
         v. )
                                       )
THE HOME DEPOT, INC. and )
PROGRESSIVE DIRECT )
INSURANCE COMPANY, )
                                     )
      Defendants.

Date Submitted: January 3, 2023
Date Decided: March 8, 2023

*Upon Defendant's Motion for Judgment on the Pleadings.* **DENIED.**

## ORDER

Vincent A. Bifferato, Jr., Esquire, and Ran Ji, Esquire, Bifferato Gentilotti LLC, Wilmington, Delaware, 19805, Attorneys for Plaintiffs, Gerald and Tanya Williamson.

Walter J. O'Brien, Esquire, Weber Gallagher Simpson Stapleton Fires & Newby LLP, New Castle, Delaware, 19702, Attorney for Defendant, The Home Depot, Inc.

Steven F. Mones, Esquire, Casarino Christman Shalk Ransom & Doss, P.A., Wilmington, Delaware, 19899, Attorney for Progressive Direct Insurance Company.

**SCOTT, J.**

1

This 8th day of March 2023, upon consideration of Defendant Home Depot's ("Home Depot") Motion for Judgment on the Pleadings, Plaintiffs Gerald and Tanya Williamson's ("Mr. and Mrs. Williamson") Response, and Defendant Progressive Direct Insurance Company's ("Progressive") Response, it appears to the Court that:

1. On March 24, 2020, Mr. and Mrs. Williamson allege, while Mr. Williamson operated a vehicle owned by Home Depot, to have been struck by a vehicle driven by non-party Wesley Boyd Johnson.

2. Mr. and Mrs. Williamson rented the subject vehicle from Home Depot pursuant to a rental agreement. In the agreement Mr. Williamson confirmed "automobile insurance that covers my operation of non-owned vehicles included the rental vehicle; and that my liability insurance is primary." Mr. Williamson identified Progressive Policy 926165535, which had an expiration date of June 10, 2020.

3. Progressive admits the policy was valid and covered Mr. Williamson at the time of the accident.

4. A party may move for judgment on the pleadings pursuant to Civil Rule 12(c).[1] In determining a motion under Civil Rule 12(c) for judgment on the

---

[1] Civil Rule 12(c) provides:
Motion for judgment on the pleadings.—After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the

pleadings, the Court is required to view the facts pleaded and the inferences to be drawn from such facts in a light most favorable to the non-moving party.[2] The Court must take the well-pleaded facts alleged in the complaint as admitted.[3] When considering a motion under Civil Rule 12(c), the Court also assumes the truthfulness of all well-plead allegations of fact in the complaint.[4] The Court must, therefore, accord plaintiffs opposing a Rule 12(c) motion the same benefits as a plaintiff defending a motion under Civil Rule 12(b)(6).[5] The Court may grant a motion for judgment on the pleadings only when no disputed facts and the movant is entitled to judgment as a matter of law.[6]

5. Home Depot argues an order of a rental vehicle is not responsible for insuring the vehicle, up to the stated limits, because it properly shifted

pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Del.Super. Civ. R. 12(c).

[2] See *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1205 (Del.1993); see also *Warner Commc'ns, Inc. v. Chris–Craft Indus., Inc.*, 583 A.2d 962, 965 (Del.Super.), aff'd without opinion, 567 A.2d 419 (Del.1989).

[3] See *Desert Equities, Inc.*, 624 A.2d at 1205; *Warner Commc'ns Inc.*, 583 A.2d at 965.

[4] *McMillan v. Intercargo Corp.*, 768 A.2d 492, 500 (Del. Ch. 2000).

[5] *Id.*

[6] See *Desert Equities, Inc.*, 624 A.2d at 1205; *Warner Commc'ns Inc.*, 583 A.2d at 965.

responsibility to the renter. By shifting the responsibility of providing liability insurance to the renter/driver, Home Depot argues, Mr. and Mrs. Williamson's insurer became the primary insurer for the vehicle relieving Home Depot of liability.

6. Mr. and Mrs. Williamson argue that as a result of the accident, Mr. Williamson obtained no-fault benefits from Home Depot as the primary no-fault carrier even though such coverage was not contained in the rental agreement. Mr. and Mrs. Williamson contend the rental agreement contains no reference to underinsured motorist coverage. Additionally, Mr. and Mrs. Williamson admit the Home Depot shifted liability to make Mr. Williamson's insurance primary, however, they argue Home Depot's coverage is secondary. Meaning if damages exceed $50,000 (the total from Wesley Boyd Johnson's limits plus Mr. Williamson's underinsured motorist benefits from his personal Progressive Policy), then he should be able to reach Home Depot's underinsured motorist coverage ("UM").

7. Progressive takes no position on this Motion.

8. Motion of Judgement on the Pleadings is not proper at this time as there are disputed facts and Home Depot is not entitled to judgment as a matter of law.

4

9. While not discussed by counsel, in this matter, Home Depot is required under the statute to provide Lessee with UM coverage so that any innocent victims of uninsured motorists, such as the Plaintiffs, have protection. Home Depot could deny UM coverage, like denying insurance by following *Miller v. Fidelity Guaranty Ins. Underwriters*[7] or *United Service Auto. Assoc. v. Avis Rent–A–Car, Inc.*[8] In *Miller*, this Court held that pursuant to 21 Del. C. § 6102 and 21 Del. C. § 2118(a), the owner of a rental car has the duty to either provide PIP coverage or ensure that coverage is in effect by taking steps to guarantee that the renter has coverage, thereby shifting the responsibility to the renter.[9] *Miller* further held that a rental agency's mere inquiry as to the renter's coverage is insufficient; the agency must make sure that the insurance is in effect.[10] Under the Miller standard, the only way in which Home Depot would be able to deny such UM coverage would be if Mr. Williamson upon being fully informed of his right to UM coverage expressly rejected such in writing after Home Depot's verification Mr. Williamson was otherwise insured. Home Depot makes no reference to evidence of Mr. Williamson's

---

[7] 2002 WL 32067544 (Del.Super.Oct.31, 2002).
[8] 2005 WL 3416299 (Del.Super.Nov.18, 2005).
[9] *Miller*, 2002 WL 32067544 at *3.
[10] Id.

5

knowledge regarding his right to coverage or the steps it took to verify that alternative coverage existed but merely provides a signed agreement that refers to a boilerplate provision of Vehicle Loss and Damage. Such provision does not make any mention to UM coverage and as such, no rejection of UM coverage occurred. Additionally, it is insufficient to demonstrate that Home Depot took steps to verify that Mr. Williamson had his own UM coverage. Under *Miller*, Home Depot has not presented evidence of its steps to took to ensure that Mr. Williamson had coverage.

10. In *Avis*, the Court found that there was no need to "specifically ask the renter whether he ha[d] other available insurance and obtain his confirmation" in a situation where the agreement assured that the renter would be covered even if he did not.[11] Further explaining, "the car rental company's ability to shift the primary burden from itself to other available insurance exists only where the car rental company does insure the vehicle."[12] The Vehicle Loss and Damage provision at issue, here, does not provide such assurance of coverage by Home Depot.

11. In *Jenkins v. Wilson*[13], involving an insurance coverage dispute arising from an accident involving a rental car in which an insurer, the

---

[11] *Avis Rent–A–Car, Inc.*, 2005 WL 3416299 at *2.
[12] *Id.*
[13] 2012 WL 1408885 (Del. Super. Ct. Mar. 30, 2012)

uninsured/underinsured motorist coverage carrier for the lessee of the rental car, filed an action against the Rental Company for contribution and indemnification.[14] This Court applied the *Miller* standard to Delaware's UM statute because *Avis* did not apply, like these facts. The Jenkins Court found that, if the Rental Company failed to take steps to verify the existence of alternative UM coverage for Lessee, the Rental Company violated its statutory duty.[15] Accordingly, if such occurrence happened, in Rental Company "would be required to provide UM coverage under Delaware's UM statute. Such a rule of law complies with the Legislative intent to have UM coverage 'as a matter of course' in Delaware."[16]

12. Motion for Judgment on the Pleadings is, therefore, appropriately **DENIED** because a factual record has not been established as to whether Home Depot took appropriate steps to verify UM coverage.

13. For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is **DENIED.**

**IT IS SO ORDERED.**

<u>**/s/ Calvin L. Scott**</u>
**Judge Calvin L. Scott, Jr.**

---

[14] Jenkins, 2012 WL 1408885 at *1.
[15] *Id.* at *6.
[16] *Id.*

7